UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TED DARNELL HARVIN,

    Plaintiff,

v.                                                           Case No. 8:22-cv-2744-CEH-JSS

J. BENNETT, *et al.*,

    Defendants.
_____/

## ORDER

Plaintiff, a Florida prisoner, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) in which he alleges Officer Peach and Sergeant Bennett violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution when they used excessive force on him at Hardee Correctional Institution (HCI). Because of the use of force, Plaintiff alleges he sustained injuries to his head, neck, and shoulder, he had surgery on his shoulder, and he continues to have headaches, pain in his neck, shoulder, and armpit, and numbness in his fingers. He also names Warden Baker at HCI as a defendant and alleges "Warden Baker is responsible for his employee [sic] actions on the job." (Doc. 1 at 5). As relief, he seeks compensatory and punitive damages, and a transfer to a federal correctional facility.

1

## DISCUSSION

After a review of the complaint in accord with 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed without prejudice to Plaintiff filing an amended complaint because he has failed to state a claim upon which relief may be granted against Warden Baker and against Officer Peach and Sergeant Bennett in their official capacity.

A. Claims against Warden Baker must be dismissed

Plaintiff contends Warden Baker is personally liable for the actions of Officer Peach and Sergeant Bennett based solely upon supervisory liability. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal citations and quotations omitted). Indeed, "'[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.'" *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009) (quoting *Braddy v. Fla. Dept. of Labor & Emp't Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)). "Supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." *Id*. (citing *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988)). The causal connection is established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so."

*Cottone*, 326 F.3d at 1360. "Alternatively, the causal connection may be established when a supervisor's custom or policy ... results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (internal citations and quotations omitted).

Plaintiff has alleged no facts showing a causal connection between Warden Baker and the alleged actions of Officer Peach and Sergeant Bennett. Accordingly, the claims against Warden Baker will be dismissed.

B. Claims against Defendants in their official capacity must be dismissed

Each Defendant is a state employee, and Plaintiff sues each Defendant in his official and individual capacities (Doc. 1 at 2-3). To the extent Plaintiff is suing Defendants in their official capacity, Plaintiff's suit is actually against Defendants' employer, the State of Florida, specifically the Department of Corrections. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

"The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc), *cert denied*, 540 U.S. 1107 (2004). "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). Florida has not

"waived its Eleventh Amendment immunity in federal civil rights actions." *Fincher v. State of Fla. Dep't of Labor & Emp't Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986); *see Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986) (stating that Florida's limited waiver of sovereign immunity in Florida Statute § 768.28 does not constitute consent to be sued in federal court under § 1983). Further, Congress has not abrogated Eleventh Amendment immunity in § 1983 actions. *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). *See also Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."). Thus, to the extent Plaintiff seeks monetary damages against Defendants in their official capacity, his claim is barred by Eleventh Amendment immunity. Accordingly, the claims against Defendants in their official capacity will be dismissed.[1]

C. Request for transfer must be dismissed

Plaintiff seeks transfer to a federal correctional facility to avoid "retaliation or harassment by any (FDOC) officials for filing this Complaint." (Doc. 1 at 5). Prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (a prisoner "has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain

---

1 Plaintiff has sufficiently pleaded individual liability against Defendants Peach and Bennett.

4

prison." (citing *Meachum*, 427 U.S. at 225)). Therefore, Plaintiff's request for a transfer will be dismissed.

Accordingly:

1. The complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted against Warden Baker and against Officer Peach and Sergeant Bennett in their official capacity. And Plaintiff's request for a transfer to a federal correctional facility is **DISMISSED**. The dismissal is without prejudice to Plaintiff filing an amended complaint within 30 days from this Order. Plaintiff must use the form provided to him by the Clerk and write "Amended Complaint" on the form. Failure to timely file an amended complaint will result in dismissal of this action without further notice.

2. The Clerk of the Court is directed to send a copy of the Court's form for initiating a civil rights action to Plaintiff with his copy of this Order.

**ORDERED** in Tampa, Florida, on November 29, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*